## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SKYPORT GLOBAL | § | CASE NO.  08-36737-H4-11 |
| COMMUNICATIONS, INC., | § | |
| | § | |
| DEBTOR | § | Chapter 11 |
| | § | _____ |
| | § | |
| SKYPORT GLOBAL | § | ADVERSARY NO. 09-03067 |
| COMMUNICATIONS, INC. | § | |
|    Plaintiff, | § | |
| v. | § | |
| | § | |
| INTELSAT CORPORATION | § | |
|    Defendant | § | |

## DEBTOR'S MOTION TO QUASH UNTIMELY DISCOVERY

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Comes now the Plaintiff, SKYPORT GLOBAL COMMUNICATIONS, INC. ("Debtor" or "SkyPort"), and files this Motion to Quash Untimely Discovery served by Intelsat against the Debtor, and respectfully states as follows:

## SUMMARY

1.      The Court's Scheduling Order requires that all discovery be <u>completed</u> by July 3, 2009.  Intelsat failed to timely respond to the Debtor's Requests for Admissions and other discovery requests.[1]  Instead, on June 23,2009, Intelsat served discovery on the Debtor – without explaining its noncompliance (Exhibit "B").

2.      These discovery requests (served by Intelsat only 10 days before the deadline

---

[1] The Debtor served Requests for Admissions, Requests for Production and Interrogatories on May 1, 2009.  The responses were due June 3, 2009.  Intelsat failed to timely respond, Debtor's Counsel inquired on their status.  Still, no responsive documents were served until June 24, 2009.  Exhibit "A" is Intelsat's belated response.  A Motion for Summary Judgment (Docket #13) has been filed based on Intelsat's deemed admissions.

for completion of discovery) are untimely.  Intelsat has not sought or obtained permission of this Court to submit untimely discovery.  If they did seek such relief, it would not be justified. Intelsat has been a party to the contested matter since it filed Docket #52 in the main case on December 9, 2008.  Intelsat has not explained why it waited until now to serve its discovery and why it failed to give good faith timely responses to the Debtor's Requests for Admissions, Requests for Production, and Interrogatories (Exhibit "A").

## FACTUAL BACKGROUND

3.      The Plaintiff is the Debtor-in-Possession in the above-captioned bankruptcy estate.  Under Section 1107(a), the Debtor is empowered to bring this action.  The Defendant, Intelsat Corporation ("Defendant"), maintains its principal place of business in Washington, D.C.

4.      Prior to the bankruptcy, SkyPort entered into a non-exclusive service agreement for satellite service with Intelsat beginning October 22, 2003 ("Intelsat Contract").

5.      This Chapter 11 bankruptcy case was filed on October 24, 2008 ("Petition Date").   The Debtor made several payments to Intelsat in the 90 days preceding the Petition Date (collectively, the "Transfers"):

| | |
|---|---|
| 9/8/08 | $50,000 |
| 9/10/08 | $ 150,000 |
| 9/18/08 | $ 200,000 |
| 9/22/08 | $ 50,000 |
| 10/1/08 | $ 25,000 |
| 10/3/08 | $25,000 |
| 10/9/08 | $50,000 |
| Total | **$ 550,000** |

6.      Despite the Transfers of $550,000, Intelsat continued its threats to terminate the Debtor's service.  The Debtor filed Chapter 11 on October 24, 2008 because Intelsat threatened to terminate service at the end of business on that day.

7.      This adversary proceeding was filed by the Debtor on February 3, 2009 to recover the Transfers and to determine the allowance of claims under 11 U.S.C. §502(d).  Previously, on December 9, 2008, Counsel for Intelsat filed a Motion for Relief from Stay (Main Case Docket #52) to authorize setoff and a second Motion for Adequate Protection (Main Case Docket #53). Those actions were combined into the present adversary proceeding by agreed order (Docket #7).

8.      This Court entered a Comprehensive Scheduling Order on February 4, 2009 (Docket #4).  The Scheduling Order, Complaint and Summons were served on the Defendant on February 5, 2009.  The Scheduling Order stated that all discovery must be **completed** before 150 days after the filing date (by July 3, 2009).

9.      Intelsat filed its answer on March 5, 2009.  It denied liability for the preferential transfers and denied the request for relief under 11 U.S.C. §502(d).  Intelsat has not filed the Corporate Disclosure Statement required by Fed. R. Bankr. P. 7007.1.   The parties conferred repeatedly about both compromise and discovery issues as required by the Rules.

10.     Mindful of the need to timely serve discovery, the Debtor served Defendant with Requests for Admissions, Interrogatories, and Requests for Production on May 1, 2009.  They were both mailed and e-mailed to counsel for Defendant.  The Defendant had 33 days to respond.

11.     No Response was received by the deadline.  As a matter of law, the admissions were deemed on June 3, 2009, though counsel would not have pressed the issue if the responses to requests for admissions had been only slightly late.

12.     The Requests for Admissions have been deemed admitted by Intelsat.  Here are the facts that Intelsat is deemed to have admitted (or that actually were admitted when the responses were received)[2]:

NO. 1:  You received each of the Transfer(s) identified by paragraph 6 of the Complaint in the amount listed.

NO. 2:  For each Transfer, the Transfer was made during the Preference Period.

NO.3:   For each Transfer, you had a right to receive the Transfer in satisfaction of or on account of a then-existing obligation or debt owed to you by the Debtor at the time payment was made.

NO. 4:  That each Transfer was for your benefit or the benefit of a creditor.

NO. 5:  At the time you received each Transfer you were a creditor of the Debtor.

NO.6:  That each Transfer was, at the time it was made, on account of an antecedent debt owed to you by the Debtor.

NO.7:  That the Debtor was insolvent at the time of each Transfer.

NO.8:   That with respect to each Transfer, you received a greater percentage of what was owed to you (with respect to the obligation(s) or debt(s) satisfied by the Transfer) than you would have received if the Transfer had not been made and the Debtor conducted a liquidation of its business pursuant to Chapter 7 of Title 11 of the United States Code on the Petition Date.

NO.9:   That, with respect to each Transfer, you did not hold a fully perfected security interest in assets of the Debtor (other than the Transfer) equal to or exceeding the amount of the Transfer that secured satisfaction of the obligation or debt on account of which the Transfer was made.

NO. 10:  For each Transfer, no New Value was extended to the Debtor subsequent to the Transfer.

NO. 11:  For each Transfer, the Transfer was not intended by either you or the Debtor to be in exchange for New Value to be conveyed contemporaneously with the Transfer.

NO. 12:   For each Transfer, no New Value was exchanged contemporaneously with the Transfer.

---

[2] For clarity, the words "admit that" were removed from the requests for admissions, but the text is otherwise identical to the Requests for Admissions found on Exhibit "A".

NO. 13:  For each invoice or other obligation paid by each Transfer, the invoice or obligation was paid later, earlier, or in a manner otherwise inconsistent with the prior course of business dealings between you and the Debtor.

NO. 14:  For each invoice or other obligation paid by each Transfer, the invoice or obligation was paid later, earlier, or in a manner otherwise inconsistent with the general practices of your industry.

NO. 15:  For each invoice or other obligation paid by each Transfer, the invoice or obligation was paid later, earlier, or in a manner otherwise inconsistent with the general practices of the Debtor's industry.

NO. 16:  For each invoice or obligation paid by each Transfer, the invoice or obligation was not incurred by the Debtor as part of its normal business or financial affairs with you.

NO. 17:  For each Transfer, the Transfer was not made by the Debtor consistent with ordinary business terms.

NO. 18:  If you contend that the Transfers were not made for your benefit, the Transfers were for the benefit of another creditor.

NO. 19:  Other than the insolvency element of 11 U.S.C. §§547(b)(3), with respect to each of the Transfers that each of the elements of U.S.C. §§ 547(b) is satisfied.

NO. 20:  Defendant's name as set forth in the caption page of the Complaint is your correct legal name.

13.     Eventually, on June 24, 2009 – 21 days late – Debtor's counsel received *some* responses.  Those responses are attached as Exhibit "A" and contain a slew of boilerplate objections.

14.     On the same day, Intelsat served the discovery requests attached as Exhibit "B".

15.     By this time, the clock had run out on Intelsat and all objections were untimely and all answers deemed admitted.  The discovery deadline was less than 30 days away.  Thus, the discovery submitted by Intelsat could not be answered before the cut-off date.

16.     No privilege log has been produced by Intelsat as of this date.

17.     On June 26, 2009, counsel for the Debtor called Intelsat's counsel to confer and inquire why the discovery responses had been so anemic and untimely.  Counsel conferred

because it foresaw a motion to compel.  Counsel also anticipated a motion to quash the untimely discovery that had been only recently served upon the Debtor (that would require a response after the discovery deadline).

18.     Counsel was informed that the submission of the late discovery had been occasioned not by Intelsat's counsel, but by Intelsat itself.  No other explanation for the untimely discovery requests was given.  As for the anemic 147 page production in response to the requests for production served on Intelsat, Debtor's counsel asked Intelsat why it was so anemic.  Intelsat stated that it had only made a "beginning" production, and that it would be supplemented when Intelsat was able to devote more time to the issue.  As of this date, no additional documents have been received.

19.     At the conference on June 26, 2009, Intelsat's counsel refused to withdraw the discovery requests and was informed that that refusal required Debtor to file this motion to quash the untimely discovery.

## MOTION TO QUASH

20.     The Court's Scheduling Order (docket #4) unequivocally requires that discovery be completed by July 3, 2009.  Submission of discovery requests only 10 days before the cut-off is not in compliance with that order.

21.     "Upon motion by a party or by the person from whom discovery is sought, and for good cause shown," a bankruptcy court is authorized to issue an order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  FED. R. CIV. P. 26(c) (West 2006).   Good cause exists here to protect the Debtor from the production when the production is sought outside of the Court's own scheduling order and there is no reasonable justification for failure to comply.

22.     Trial is scheduled for October 12, 2009.  The Debtor is attempting to confirm a

plan of reorganization.  The plan of reorganization is more difficult if the litigation continues.

23.    As stated above, Intelsat has not responded to discovery requests and has admitted all facts establishing the Debtor's right to recovery the preferential transfers.  The Debtor has already filed its Motion for Summary Judgment against Intelsat.  There is little left to do in this case but grant summary judgment and strike Intelsat's Answer.

24.    Since the Debtor would be prejudiced by delay, it is entitled to rely on the Scheduling Order already entered.  The Debtor should not be required to answer Intelsat's discovery requests mailed June 23 and received June 24, 2009.

25.    Moreover, Intelsat's responses to the requests for production, interrogatories and requests for admissions (Exhibit "A") contain objections that are absurdly boilerplate.  The objections evidence a lack of good faith in the discovery process and a tendency towards gamesmanship and away from full production.

26.    Intelsat's "general objections" amount to boilerplate, generalized objections.  Such objections are improper.  *Obiajulu v. City of Rochester*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996) (objections must set forth specifics of objection and how objection relates to document being demanded); See also, *Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court*, 408 F.3d 1142, 1147 (9th Cir. 2005) (boilerplate objections or blanket refusals in response to Rule 34 requests for production are insufficient).  The Court should ignore the boilerplate objections.

27.    Moreover, as noted earlier, the discovery responses were served over 20 days late.  Any objections were untimely and deemed overruled.

28.    Intelsat bears the heavy burden to justify its untimely discovery.  Intelsat cannot give any reason why it waited from December, 9 2008 (when the first Motion by Intelsat [Main Case Docket #52] was filed) until June 24, 2009 to send discovery to the Debtor.  In the absence of a compelling reason for the delay, the Court should not permit the untimely requests.

**<u>Conclusion</u>**

29.     Intelsat's untimely discovery was served in violation of the Scheduling Order (Docket #4).   Intelsat has already deemed admissions and Summary Judgment is pending. Intelsat's discovery is untimely, it is burdensome to respond to, unfairly prejudices the Debtor to expend resources on a response, and should be quashed as submitted for an improper purpose.

30.     On June 26, 2009, Debtor's Counsel conferred in good faith with counsel for Intelsat to attempt to resolve this dispute but no resolution was reached. Intelsat refused to withdraw the untimely discovery.

31.     Under Rule 26(c)(3) and 37(a)(5), "the Court must . . . require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pat the movant's reasonable expenses incurred in making the motion, including attorney's fees."

32.     The legal fees are not required if Intelsat's actions were "substantially justified". Here, the discovery was untimely, no reasonable excuse for the lateness is given, and Intelsat refused to withdraw the discovery.   The refusal to withdraw the discovery required this motion. The refusal was not "substantially justified".   An award of legal fees is appropriate.

WHEREFORE, Plaintiff prays that the Discovery submitted by Intelsat as Exhibit "B" be quashed and that legal fees be awarded for prosecution of the motion.  Debtor also seeks such other relief to which it may show itself justly entitled, at law or in equity.

Dated:  June 30, 2009.

Respectfully submitted,

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By:_____

EDWARD L. ROTHBERG  ECF
State Bar No. 17313990
HUGH M. RAY, III
State Bar No. 24004246
Eleven Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: (713) 961-9045
Facsimile: (713) 961-5341

ATTORNEYS FOR DEBTOR-IN-POSSESSION

## CERTIFICATE OF CONFERENCE

I certify that I conferred in good faith counsel for the Defendant, Hanh Huynh, Counsel for Intelsat by phone call on June 26, 2009 at 2:00 p.m. Central time.  We spoke for about 30 minutes and discussed the merits of the pending discovery and its untimeliness in an effort to avoid both this Motion to Quash and a Motion to Compel responses.  We also conferred about a summary judgment motion.  The Parties were unable to resolve the dispute and a hearing is required.

Dated June 30, 2009

___/s/ Hugh M. Ray, III_____
Hugh M. Ray, III

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing was mailed to counsel for Defendant, Stephen Selbst, Herrick Feinstein LLP, 2 Park Avenue, New York, NY 10016, on June 29, 2009.


_____*/s/ Hugh M. Ray, III*_____
HUGH M. RAY, III