HERRICK, FEINSTEIN LLP
Stephen B. Selbst
2 Park Avenue
New York, NY 10016
(212) 592-1400
sselbst@herrick.com
Attorneys for Intelsat Corporation

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| SKYPORT GLOBAL COMMUNICATIONS, INC.., | Case No. 8-36737-H4-11 |
| Debtor. | |
| SKYPORT GLOBAL COMMUNICATIONS, INC., | Adv. Pro. No. 09-03067 |
| Plaintiff, | |
| v. | |
| INTELSAT CORPORATION, | |
| Defendant. | |

**OBJECTION TO MOTION FOR SUMMARY JUDGMENT**

Intelsat Corporation ( "Intelsat"), by its counsel, Herrick, Feinstein LLP, hereby files its objection (the "Objection") to the Motion for Summary Judgment (the "Summary Judgment Motion") filed by SkyPort Global Communications, Inc. ("SkyPort" or the "Debtor"). In support of the Objection, Intelsat respectfully states as follows:

HF 5194422v.1 #13930/0002

## **BACKGROUND**

1. On October 24, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to manage and operate its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. Prior to the Petition Date, the Debtor and Intelsat were parties to a Non-Exclusive Service Agreement dated October 23, 2003 as amended, pursuant to which Intelsat agreed to provide the Debtor transponder capacity and other satellite services in return for the Debtor's payment of such services.

3. On February 3, 2009, the Debtor filed the above-captioned adversary proceeding (the "Adversary Proceeding") seeking to avoid and recovery certain transfers (the "Transfers") made by the Debtor to Intelsat within 90 days of the Petition Date (the "Preference Period") that were alleged by the Debtor to be preferential under section 547 of the Bankruptcy Code.

4. On May 1, 2009, the Debtor served Intelsat with Requests for Admissions, Interrogatories, and Requests for Production (the "Discovery Requests") in connection with the Adversary Proceeding. Intelsat was unable to timely respond to the Discovery Requests by the deadline of June 3, 2009, due to summer schedules that limited the availability of personnel familiar with the matter at Intelsat to review and respond to the Discovery Requests. Instead, on June 24, 2009, counsel for Intelsat delivered to the Debtor's counsel an initial production of documents and responses to the Discovery Requests. A short privilege log also was delivered with the responses.

5. On June 29, 2009, after conferring with counsel for Intelsat, the Debtor filed the Summary Judgment Motion, on the theory that the requests for admission that were propounded as part of the Discovery Requests all should be deemed admitted, providing a basis for summary judgment on the avoidance of the Transfers.

6. Contemporaneously herewith, Intelsat has filed a motion to withdraw the deemed admissions (the "Rule 36(b) Motion"), as well as a statement pursuant to Bankruptcy Rule 7007.1 (the "Corporate Ownership Statement").

## OBJECTION

7. Summary judgment is wholly inappropriate under the circumstances here. The Summary Judgment Motion is based entirely on the deemed admissions, but because Intelsat has moved for permission to withdraw the deemed admissions, the Debtor cannot be granted summary judgment if the withdrawal of the deemed admissions is authorized.

8. Intelsat has meritorious, valid defenses to the avoidance of the Transfers, and the withdrawal of the deemed admissions will promote the presentation of the merits of the Adversary Proceeding and will not prejudice any party. Moreover, the Debtor in fact received Intelsat's responses to the requests for admission *before* the Debtor filed this Summary Judgment Motion. The Debtor thus is aware of Intelsat's position. *See In re Guardian Trust Co.*, 260 B.R. 404, (S.D. Miss. 2000) (permitting withdrawal of deemed admissions on the basis that plaintiff trustee had been aware that defendant IRS would contest certain aspects of adversary related to the deemed admissions, and so withdrawal of the admissions would further the presentation of the merits of the trustee's case). Accordingly, the Court should permit Intelsat to withdraw the deemed admission, thus removing any basis for the Debtor's Summary Judgment Motion.

HF 5194422v.1 #13930/0002

9. The Debtor cites to *In re Carney*, 258 F.3d 415 (5th Cir. 2001), in support of its request for summary judgment, but *Carney* is clearly distinguishable. The court in *Carney* expressly stated that summary judgment was granted to the plaintiff because the defendant *did not bother to file a motion to withdraw the deemed admissions*. *In re Carney*, 258 F.3d at 420 ("Rather than move the court for permission to withdraw the admissions prior to or concurrently with the IRS's motion for summary judgment in accordance with the Rule 36(b), Carney made no effort to address the effect of the default admissions."). The court there had no choice but to grant summary judgment. In this case, Intelsat has sought to withdraw the deemed admissions.

10. Further, the delay in timely responding to the request for admissions was not particularly long. In *In re Runnels*, 2007 WL 4166126 (Bankr. E.D. Tex. Nov. 20, 2007) (attached as Exhibit A) the defendant debtors failed to respond to the plaintiff's (CitiFinancial) discovery requests, and waited more than eight months to seek to withdraw their deemed admissions, and more than 6 months after CitiFinancial had filed a summary judgment motion to respond to discovery. Although concerned with the debtors' failure to timely respond to other matters in the case, the court stated that

> [i]t appears to the Court, however, that the primary effect of granting the Debtors' request to the deemed admissions in this case would not be the creation of a sudden need to obtain evidence, but simply would required trial of a portion of CitiFinancial's nondischargeability claim. . . . CitiFinancial has been aware that the Debtors contested certain elements of their nondischargeability claim . . . since at least the time they filed their answer to CitiFinancial's adversary complaint. Moreover, CitiFinancial received the Debtors' responses to their request for admissions prior to filing the Summary Judgment Motion. Under these circumstances, and in light of the Court's decision to extend the discovery deadlines, the Court finds that CitiFinancial will not be prejudiced by the withdrawal of the Debtors' deemed admissions, and that the presentation of the merits of this case would be served by allowing withdrawal.

4

*In re Runnels*, 2007 WL 4166126 at *4.

## CONCLUSION

**WHEREFORE,** Intelsat respectfully requests that the Court deny the Summary Judgment Motion of the Plan, and grant Intelsat such other and further relief as the Court may deem just and proper.

Dated: July 15, 2009  
      New York, New York

HERRICK, FEINSTEIN LLP

Respectfully submitted,

By:   /s/ Stephen B. Selbst  
      Stephen B. Selbst (SS-6963)  
      Two Park Avenue  
      New York, NY 10016  
      Telephone: (212) 592-1400  
      Facsimile: (212) 592-1500

Attorneys for Intelsat Corporation

HF 5194422v.1 #13930/0002