HERRICK, FEINSTEIN LLP
Stephen B. Selbst
2 Park Avenue
New York, NY 10016
(212) 592-1400
sselbst@herrick.com
Attorneys for Intelsat Corporation

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| SKYPORT GLOBAL COMMUNICATIONS, INC.., | Case No. 8-36737-H4-11 |
| Debtor. | |
| SKYPORT GLOBAL COMMUNICATIONS, INC., | Adv. Pro. No. 09-03067 |
| Plaintiff, | |
| v. | |
| INTELSAT CORPORATION, | |
| Defendant. | |

**OBJECTION TO DEBTOR'S MOTION TO QUASH UNTIMELY DISCOVERY**

Intelsat Corporation ( "Intelsat"), by its counsel, Herrick, Feinstein LLP, hereby submits its objection (the "Objection") to the Motion to Quash Untimely Discovery (the "Motion to Quash") filed by SkyPort Global Communications, Inc. (the "Debtor"). In support of the Objection, Intelsat respectfully states as follows:

HF 5202846v.1 #13930/0002

## BACKGROUND

1. On October 24, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to manage and operate its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The Debtor's case currently is in the plan solicitation and confirmation stages, the Debtor having filed a chapter 11 plan of reorganization (the "Plan") that is scheduled for a hearing on confirmation on August 7, 2009.

3. Prior to the Petition Date, the Debtor and Intelsat were parties to a Non-Exclusive Service Agreement dated October 23, 2003 as amended, pursuant to which Intelsat agreed to provide the Debtor transponder capacity and other satellite services in return for the Debtor's payment of such services.

4. On December 9, 2009, Intelsat filed a Motion for Adequate Protection and Payment of Administrative Expense Claim [Docket No. 52] (the "Adequate Protection Motion"), seeking, among other things, payment of $432,582.11 as an administrative expense for the post-petition services provided by Intelsat from the Petition Date through November 30, 2008.[1]

5. Contemporaneously with the filing of the Adequate Protection Motion, Intelsat filed a Motion for Relief from Stay to Effect Set Off [Docket No. 53] (the "Setoff Motion"), seeking relief from the automatic stay to effect a set-off of the security deposit of $153,971 that was delivered by the Debtor to Intelsat prior to the Petition Date in order to secure

---

[1] Subsequent to the filing of the Adequate Protection Motion, Intelsat continued to provide services to the Debtor, for which such services remain unpaid. Accordingly, asserts that Intelsat is owed the total amount of $567,454.51 as an administrative expense for post-petition services provided to the Debtor through January 31, 2009.

the Debtor's obligations to Intelsat under the Agreement, against the Debtor's pre-petition debt to Intelsat.

6. On February 3, 2009, the Debtor commenced the above-captioned adversary proceeding (the "Adversary Proceeding") by filing a complaint seeking the avoidance and recovery of alleged preferential transfers in the total amount of $550,000 (the "Preference Action"). By order dated February 12, 2009, the Adequate Protection Motion and the Setoff Motion were consolidated in the Adversary Proceeding together with the Preference Action.

7. On February 4, 2009, the Court entered the Comprehensive Scheduling, Pretrial, and Trial Order (the "Scheduling Order"), pursuant to which discovery was to be completed by the parties no later than 150 days after the date the Adversary Proceeding was filed, or July 3, 2009 (the "Discovery Deadline").

8. On May 1, 2009, the Debtor served Intelsat with Requests for Admissions, Interrogatories, and Requests for Production (the "Debtor's Discovery Requests") in connection with the Preference Action. Intelsat was unable to timely respond to the Debtor's Discovery Requests by the deadline of June 3, 2009, due to summer schedules that limited the availability of personnel familiar with the matter at Intelsat to review and respond to the Debtor's Discovery Requests. Instead, on June 24, 2009, *prior to the Discovery Deadline*, counsel for Intelsat delivered to the Debtor's counsel an initial production of documents and responses to the Discovery Requests, and simultaneously therewith, Intelsat served upon the Debtor the First Set of Interrogatories of Defendant Intelsat Corporation to Plaintiff and the First Set of Document Production Requests of Defendant Intelsat Corporation to Plaintiff (collectively, the "Intelsat Discovery Requests"). A short privilege log also was delivered with the responses. Counsel for

3

Intelsat currently is reviewing a supplemental production of documents in response to the Debtor's Discovery Requests.

9. On June 30, 2009, the Debtor filed the Motion to Quash.

10. By this Objection, Intelsat also requests a short extension of the Discovery Deadline in order for the parties to complete discovery.

## **OBJECTION**

11. As a preliminary matter,[2] it is useful to discern what the Motion to Quash is and what it is not: it is a motion to quash the Intelsat Discovery Requests and for payment of the Debtor's legal fees in connection therewith; it is *not* a motion to strike Intelsat's responses or overrule Intelsat's objections to the Debtor's Discovery Requests.  Accordingly, the Debtor's many allegations concerning Intelsat's responses and objections are superfluous.  Similarly, issues and allegations regarding whether the requests for admissions are deemed admitted are before the Court on a separate motion for summary judgment filed by the Debtor in the Adversary Proceeding, on the grounds that Intelsat's responses to the Debtor's Discovery Requests (specifically the requests for admission) were untimely and that Intelsat failed to file a statement of corporate ownership under Bankruptcy Rule 7007.1.  With respect to the purportedly deemed admissions, Intelsat refers the Court to the summary judgment motion, Intelsat's objection thereto, and Intelsat's motion to withdraw the admissions.

---

[2] Also, as a matter of setting the record straight, the Debtor's statement in the Motion to Quash that "Intelsat cannot give any reason why it waited from December 9, 2008 . . . until June 24, 2009 to send discovery to the Debtor" is an unnecessary distortion of the facts.  Intelsat did indeed file pleadings in December of 2008—the Adequate Protection Motion and the Setoff Motion—but the Adversary Proceeding was not commenced until February 3, 2009.  Both the Debtor's and Intelsat's Discovery Requests relate specifically to the Preference Action, and not the pleadings filed in December 2008.  As such, the Debtor's suggestion that Intelsat waited seven months before serving any discovery requests is absurd.  The fact is that Intelsat served its discovery requests seven weeks after the Debtor served its discovery requests.

4

HF 5202846v.1 #13930/0002

12. The only issues before the Court on this Motion to Quash is whether the Debtor would be unduly burdened by the requirement to respond to the Intelsat Discovery Requests, and whether the Debtor is entitled to an award of expenses and legal fees in connection with the prosecution of the Motion to Quash. In both cases, the answer is unequivocally no.

13. The Debtor has not meaningfully articulated any prejudice that would be occasioned upon the Debtor in responding to the Intelsat Discovery Requests. The Intelsat Discovery Requests were served before the Discovery Deadline, and the pretrial conference for the Adversary Proceeding is not until October 8, 2009, with a trial scheduled for the week of October 12, 2009. Intelsat requests a short extension of the Discovery Deadline (Intelsat's first such request) to permit the parties to complete discovery in the Adversary Proceeding. If the Court grants Intelsat's request, then the Motion to Quash is rendered moot, because the Debtor's only basis for the Motion to Quash is the lapse of the discovery period.

14. The Debtor's request for fees and expenses also is inappropriate. The Fifth Circuit has ruled that, with respect to Rules 26(c) and 37(a)(4) of the Federal Rules of Civil Procedure, "[r]ead together, the rules appear to apply only to persons refusing to comply with a valid discovery request and not to persons seeking overbroad discovery. Rule 26(c) is taken to state that the sanctions provision of Rule 37(a)(4) applies only if the 'motion for protective order is denied in whole or in part.' . . . The sanctions provisions of Rules 26 and 37 authorize expenses against a party *resisting* discovery by unreasonably necessitating a motion to compel or by unreasonably moving for a protective order." *Tiberi v. Cigna Ins. Co.*, 40 F.3d 110, 111-12 (5th Cir. 1994).

15. Intelsat has not refused to comply with the Debtor's Discovery Requests

5

and the Debtor has not filed any motion to compel Intelsat to so comply. The Rule 26(c) and 37(a)(4) sanctions thus are not applicable in this case.[3]

## CONCLUSION

Intelsat respectfully requests that the Court deny the Motion to Quash, and grant Intelsat such other and further relief as the Court may deem just and proper.

Dated: July 19, 2009  
      New York, New York

HERRICK, FEINSTEIN LLP

Respectfully submitted,

By:   /s/ Stephen B. Selbst  
     Stephen B. Selbst (SS-6963)  
     Two Park Avenue  
     New York, NY 10016  
     Telephone: (212) 592-1400  
     Facsimile: (212) 592-1500

Attorneys for Intelsat Corporation

---

[3] Ironically, if the Court were to find that the Debtor's refusal to respond to the Intelsat Discovery Requests was unreasonable, it is possible that the Debtor would be subject to the sanctions provisions of Rules 26 and 37.

HF 5202846v.1 #13930/0002