

**ENTERED**
**07/29/2009**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** § | | |
| § | **Case No. 08-36737-H4-11** | |
| **SKYPORT GLOBAL** § | | |
| **COMMUNICATIONS, INC.,** § | | |
| § | | |
| § | | |
| Debtor. § | **Chapter 11** | |
| § | | |

| | | |
|---|---|---|
| **SKYPORT GLOBAL** § | | |
| **COMMUNICATIONS, INC.,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | **Adversary No. 09-03067** | |
| § | | |
| **INTELSAT CORPORATION,** § | | |
| § | | |
| Defendant. § | | |
| § | | |
| § | | |

**MEMORANDUM OPINION ON: (1) THE DEBTOR'S MOTION TO QUASH;**
**AND (2) THE DEFENDANT'S MOTION TO WITHDRAW ADMISSIONS**
[Adv. Docket Nos. 14 & 19]

### I. INTRODUCTION

Pending before the Court is the Debtor's Motion to Quash Untimely Discovery, [Adv. Docket No. 14], filed by Skyport Global Communications, Inc. (the Debtor), and the Defendant's Motion to Withdraw Admissions, [Adv. Docket No. 19], filed by Intelsat Corporation (the Defendant). On July 20, 2009, the Court held a hearing on the Debtor's Motion to Quash Untimely Discovery wherein the Debtor sought an Order from this Court quashing discovery requests served on June 24, 2009 by the Defendant. The Defendant has filed a written Objection to Debtor's Motion to Quash Untimely Discovery. [Adv. Docket No. 24.] Having considered the motions, the parties'

submissions and applicable law, the Court concludes that the Debtor's Motion to Quash Untimely Discovery should be granted, and the Defendant's Motion to Withdraw Admissions should be denied.

The Court makes the following Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52, as applicable to this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7052. To the extent that any Finding of Fact is construed to be a Conclusion of Law, it is adopted as such. To the extent that any Conclusion of Law is construed to be a Finding of Fact, it is adopted as such. The Court reserves the right to make any additional findings and conclusions as may be necessary or as requested by any party.

## II. FINDINGS OF FACT

1. The Debtor is the debtor-in-possession in the above-referenced Chapter 11 case. The Defendant is a satellite communications service company based in Washington D.C.

2. On October 23, 2003, the Debtor entered into a non-exclusive service agreement with the Defendant wherein the Defendant agreed to provide the Debtor certain satellite communication services in exchange for monthly payments from the Debtor. [Adv. Docket Nos. 14 & 24.]

3. On October 24, 2008, the Debtor filed a voluntary Chapter 11 petition as the result of alleged threats by the Defendant to terminate the service agreement. [Adv. Docket No. 14.] In the ninety (90) days preceding the Debtor's petition, the Debtor allegedly made several payments to the Defendant totaling $550.000.00. [Adv. Docket No. 14.]

4. On February 3, 2009, the Debtor filed this adversary proceeding against the Defendant to recover preferential transfers and to determine the allowance of the Defendant's set-off claims pursuant to 11 U.S.C. § 502(d). [Adv. Docket No. 1.]

5. On February 4, 2009, the Court issued a comprehensive scheduling order, (the Scheduling Order), which states that "[a]ll discovery shall be completed no later than 150 days after the Filing Date"—July 3, 2009. [Adv. Docket No. 4 & Debtor's Exhibit 1.] The Debtor served Defendant with discovery requests on May 1, 2009, sixty-three (63) days before the deadline. However, the Defendant served the Debtor with discovery requests on June 23, 2009, only nine (9) days before the deadline. [Adv. Docket No. 14-2 & Debtor's Exhibit 3.]

6. On June 26, 2009, the Debtor's attorney conferred with the Defendant's attorney and inquired as to why the Defendant's discovery request was untimely. Additionally, the Debtor's attorney requested the Defendant's attorney to withdraw the untimely discovery requests, but the Defendant's attorney refused. As the result, the Debtor filed its Motion to Quash Untimely Discovery. [Adv. Docket No. 14.]

### III. JURISDICTION AND VENUE

The Court has jurisdiction over this suit pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This particular dispute is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (O), and (F). Venue is proper pursuant to 28 U.S.C. § 1409.

### IV. CONCLUSIONS OF LAW

**A.  The Debtor's Motion to Quash Untimely Discovery**

In its Motion to Quash Untimely Discovery, the Debtor argues that: (1) the Court should quash the Defendant's discovery requests as untimely; and (2) the Court should impose fees and costs on the Defendant as the result of the Defendant's failure to withdraw its untimely discovery request, which compelled the Debtor's attorney to file a Motion to Quash Untimely Discovery. The Court will discuss the merits of each of the Debtor's arguments in turn.

3

1.     **Untimely Discovery Request**

First, the Debtor contends that the Defendant failed to comply with the Scheduling Order. [Adv. Docket No. 4 & Debtor's Exhibit 1.] Specifically, the Debtor points to language in the Scheduling Order, which states: "All discovery shall be completed no later than 150 days after the Filing Date."[1] Additionally, the Debtor argues that the Defendant did not timely serve its discovery requests because the requests were made a mere nine (9) days before the discovery completion deadline. As a result, the Debtor argues that it would be prejudiced if forced to respond to the Defendant's discovery request and that the Court should issue a protective order "to protect [it] from annoyance, embarrassment, oppression, or undue burden or expense" pursuant to Federal Rule of Civil Procedure 26(c).[2] [Adv. Docket No. 14.] Conversely, the Defendant argues that the Debtor has not sufficiently articulated that it will suffer any prejudice by responding to the Defendant's discovery request at this point. [Adv. Docket No. 24.]

As an initial matter, the Court notes that "the decision whether to grant or deny a request for a protective order is entrusted to the district court's sound discretion." *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 n.27 (5th Cir. 1999). Additionally, "[a] motion under Rule 26(c) must show good cause for an order to protect a party from annoyance, embarrassment, oppression, or undue burden

---

[1] The "Filing Date" for the present adversary proceeding was February 3, 2009. Calculating 150 days from that date establishes that the parties were ordered to complete discovery by July 3, 2009.

[2] The language used in the Debtor's argument comes from Rule 26(c) of the Federal Rules of Civil Procedure. Rule 26 is made applicable to adversary proceedings in bankruptcy through Federal Rule of Bankruptcy Procedure 7026. *See* Fed. R. Bankr. P. 7026. Rule 26(c) governs the issuance of protective orders. Although the Debtor is not specifically requesting the Court to issue a protective order, it appears from the Debtor's Rule 26(c) argument that the Debtor is in fact requesting the Court to issue such an order or, in the alternative, to quash the Defendant's untimely discovery request. [Adv. Docket No. 14.]

or expense."[3] *Scott v. Monsanto Co.*, 868 F.2d 786, 792 (5th Cir. 1989). In other words, "[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Intern.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)); *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 133 (E.D. Tex. 2003) (same). Thus, if the movant has shown good cause, then the Court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense." *See* Fed. R. Civ. P. 26(c); *Ferko*, 218 F.R.D. at 133.

In the present suit, the Debtor argues that good cause exists to protect it from responding to the Defendant's discovery requests. The Debtor contends that the Court issued the Scheduling Order upon which the Debtor is entitled to rely. [Adv. Docket No. 4 & Debtor's Exhibit 1.] In defiance of that order, the Defendant served the Debtor with discovery requests so close to the discovery deadline that the Debtor did not have a reasonable time to respond, let alone the time to respond as required by the Federal Rules of Civil Procedure.[4] Therefore, the Debtor argues that complying with

---

[3] Rule 26(c) reads as follows:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. *The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.*

Fed. R. Civ. P. 26(c) (emphasis added). Additionally, a court's protective order may in fact include an order "forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A).

[4] The Defendant's discovery entails two requests: (1) First Set of Document Production Requests of Defendant Intelsat Corporation to Plaintiff [Adv. Docket No. 14-2 & Debtor's Exhibit 3]; and (2) First Set of Interrogatories of Defendant Intelsat Corporation to Plaintiff [Adv. Docket No. 14-2 & Debtor's Exhibit 3], both served on the Debtor

the Defendant's discovery requests would have required the Debtor to submit its responses after the deadline set by the Court's Scheduling Order and would have caused prejudicial delay of this adversary proceeding.[5]

The Court notes that its Scheduling Order expressly states that "[a]ll discovery shall be *completed* no later than 150 days after the Filing Date." [Adv. Docket No. 4 & Debtor's Exhibit 1] (emphasis added). The Court has previously calculated this deadline to be July 3, 2009. "Completion of discovery means that the responses and any related discovery disputes must be resolved by the deadline as well." *Front-Line Promotions & Mktg., Inc., Mayweather Promotions, LLC*, No. 08-3208, 2009 WL 928568, at *4 (E.D. La. April 2, 2009) (granting a motion to quash discovery requests filed eighteen (18) days before the discovery deadline as imposed by the court's scheduling order). With respect to interrogatories and requests for production, the Federal Rules of

---

on June 24, 2009, nine (9) days before the July 3, 2009 discovery deadline as indicated in the Scheduling Order. [Adv. Docket No. 4 & Debtor's Exhibit 1.] According to Rules 33 and 34 of the Federal Rules of Civil Procedure, the Debtor was required to respond to each request within thirty (30) days of being served. *See* Fed. R. Civ. P. 33, 34. Rules 33 and 34 are made applicable to adversary proceedings in bankruptcy through the Federal Rules of Bankruptcy Procedure 7033 and 7034 respectively. *See* Fed. R. Bankr. P. 7033, 7034. Thus, "it is clear that the [Defendant] did not file the written discovery in a manner that would permit the [Debtor] to provide a response within the delays allowed by law. Rather, the [Defendant] propounded the written discovery requests upon the [Debtor] on [June 24, 2009], notwithstanding the fact that the firmly established discovery dead-line in this case was [July 3, 2000]." *See Front-Line Promotions*, 2009 WL 928568, at *4. Therefore, the Defendant's discovery request is both inappropriate and violative of the Court's Scheduling Order. *See id.*

[5] The Debtor sheds additional light on its position for prejudicial delay by informing the Court that the Defendant failed to timely respond to the Debtor's Request for Admissions. Specifically, the Debtor states that it served the Defendant with request for admissions, interrogatories, and requests for production on May 1, 2009, but the Defendant did not submit its written responses until June 24, 2009. [Adv. Docket No. 14-1 & Debtor's Exhibit 2.] With respect to requests for admissions, Rule 36, which is applicable to adversary proceedings in bankruptcy through Federal Rule of Bankruptcy Procedure 7036, states that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). As the result of the Defendant's failure to timely respond, the Debtor filed a Motion for Summary Judgment arguing that its Requests for Admissions should be deemed admitted and therefore the Court should enter summary judgment against the Defendant. [Adv. Docket No. 13.] Therefore, the Debtor argues here that it would be further prejudiced by delay in responding to the Defendant's untimely discovery requests when the Court has pending before it a strong procedural ground to grant summary judgment. The Court finds merit in this argument.

Civil Procedure contemplate a thirty (30) day response time.[6] Thus, a party in the Debtor's position that is served with interrogatories and production requests is expected to respond in writing within thirty (30) days, and "evasive or incomplete . . . response[s] must be treated as a failure to . . . respond." Fed. R. Civ. P. 37(a)(4). Here, the Defendant served the Debtor with discovery requests on June 24, 2009, a date so close to the discovery completion deadline that the Debtor was "only provided [nine (9)] days to submit [its] discovery responses without running afoul of the discovery deadline—which has since elapsed." *See Front-Line Promotions*, 2009 WL 928568, at *4. Nine (9) days to respond to discovery requests is wholly inconsistent with the Federal Rules of Civil Procedure and this Court's Scheduling Order.[7] *See id.*

Moreover, the Court agrees that forcing the Debtor to comply with the Defendant's discovery requests at this late date would lead to unreasonable and prejudicial delay in the above-referenced adversary proceeding. Although the Defendant argues that the Debtor has not specifically articulated how such delay would prejudice the Debtor, [Adv. Docket No. 24], the Court recalls the saying: "justice delayed is justice denied."[8] The Court issued the Scheduling Order with a specific discovery completion deadline. Absent amendment, the Debtor was necessarily entitled to rely on that deadline. Despite this deadline, the Defendant served its discovery requests at a time when the

---

[6] Rule 33(b)(2) states that a "party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). Rule 33 is applicable to adversary proceedings in bankruptcy pursuant to Rule 7033. *See* Fed. R. Bankr. P. 7033. Additionally, under Rule 34(b)(2)(A), a "party to whom the request [for productions] is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). Rule 34 is applicable to adversary proceedings in bankruptcy pursuant to Rule 7034. *See* Fed. R. Bankr. P. 7034.

[7] The Court also notes that the Debtor's attorney, Hugh M. Ray, III (Mr. Ray), conferred in good faith with the Defendant's attorney, Hanh Huynh (Mr. Huynh) by phone call on June 26, 2009, but that the parties were unable resolve the dispute as to the Defendant's untimely discovery request [Adv. Docket No. 14.]

[8] The saying is attributed to William Gladstone. *See In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 578 & n.21 (S.D. Tex. 2005).

Debtor could not have responded without running afoul of the Scheduling Order. Additionally, the Defendant did not request an extension to the discovery deadline until *after* the deadline had passed.[9] [Adv. Docket No. 24.] Therefore, in light of these circumstances, the Court finds the Debtor has demonstrated good cause and that a protective order is warranted in this matter to protect the Debtor from annoyance, embarrassment, oppression, or undue burden and expense in the form of prejudicial delay. *See* Fed. R. Civ. P. 26(c); *See Front-Line Promotions*, 2009 WL 928568, at *4. To the extent that the Debtor requests the Court to quash the Defendant's untimely discovery, such request is granted in the form of a protective order forbidding the Defendant from adducing evidence relating to the Interrogatories and Request for Production, which it failed to timely serve. *See* Fed. R. Civ. P. 26(c).

2.  **Request for Sanctions**

Additionally, the Debtor requests the Defendant to pay for the expenses that the Debtor incurred in filing its Motion to Quash Untimely Discovery. In support of this argument, the Debtor relies on Rule 26(c)(3) (awarding expenses) and Rule 37(a)(5) (payment of expenses; protective orders) of the Federal Rules of Civil Procedure.[10] [Adv. Docket No. 14.] However, the Defendant argues that the Fifth Circuit has held that "[t]he sanctions provisions of Rules 26 and 37 authorize expenses against a party resisting discovery by unreasonably necessitating a motion to compel or by

---

[9] In objecting to the Debtor's Motion to Quash Untimely Discovery, the Defendant moved the Court to permit the parties to complete discovery in the adversary proceeding. This was the Defendant's first of such requests. Permitting an extension at this late date would necessarily delay trial in this adversary proceeding, something the Court is unwilling to do.

[10] Rule 26(c)(3) refers to Rule 37(a)(5). Rule 37 is applicable to adversary proceedings in bankruptcy through Rule 7037. *See* Fed. R. Bankr. P. 7037.

unreasonably moving for a protective order."[11] *Tiberi v. Cigna Ins. Co.*, 40 F.3d 110, 112 (5th Cir. 1994). In response, the Debtor points to the Scheduling Order, which expressly states the following:

> FAILURE TO COMPLY WITH ANY OF THE REQUIREMENTS OF THIS ORDER MAY RESULT IN SANCTIONS BEING IMPOSED ON COUNSEL, THE PARTIES, OR BOTH, WHICH MAY INCLUDE DISMISSAL OF THIS ADVERSARY PROCEEDING OR ENTRY OF JUDGMENT FOR THE OPPOSING PARTY.

[Adv. Docket No. 4 & Debtor's Exhibit 1] (emphasis in original). Therefore, the Debtor argues—despite the Fifth Circuit's interpretation of Rules 26 and 37—that this Court may impose the requested sanctions pursuant to its own Scheduling Order.

At the outset, the Court notes that it has broad discretion to preserve the integrity and purpose of its own orders. *Barret v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir.1996). According to Rule 16(f) of the Federal Rules of Civil Procedure, the Court *may* impose "just" sanctions "if a party or its attorney[s] . . . fail[] to obey a scheduling or pretrial order." Fed. R. Civ. P. 16(f)(1)(C);[12] *Johnson v. United States*, 460 F.3d 616, 619 (5th Cir. 2006); *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). In addition, Rule 16(f)(2) reads as follows:

> Instead of or in addition to any other sanction, the court *must* order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

---

[11] During oral arguments, Mr. Ray, in open court, conceded that he was wrong on the law and that the Defendant cited the correct law. Accordingly, Mr. Ray withdrew his argument that the Debtor was entitled to expenses incurred pursuant to Rules 26 and 37. The Court notes and appreciates Mr. Ray's professionalism.

[12] Rule 16 is applicable to adversary proceedings in bankruptcy through Rule 7016. *See* Fed. R. Bankr. P. 7016.

Fed. R. Civ. P. 16(f)(2) (emphasis added). According to the United States Supreme Court, the Federal Rules of Civil Procedure are given their plain meaning, and a court's interpretation of a rule is complete if it finds the text of a rule to be clear and unambiguous. *Bus. Guides, Inc. v. Chromatic Commc'n Enters., Inc.*, 498 U.S. 533, 540 (1991). Thus, in reading Rule 16(f)(2), the Court "must presume that [the drafters] say[] in [the Rule] what it means and means in [the Rule] what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992). Rule 16 clearly states that if a party or its attorney does not comply with the Rule, then the Court is *required* to impose attorneys' fees under subsection (f)(2), regardless of whether the Court imposed another sanction under subsection 16(f)(1). *See* Fed. R. Civ. P. 16(f)(1), (2).

In the present suit, it is uncontested that the Defendant served the Debtor with discovery requests on a date so close to the discovery completion deadline that the Debtor had no reasonable opportunity to respond without running afoul of the Scheduling Order. It is also undisputed that the Defendant did not request the Court to amend the Scheduling Order until after the discovery deadline had already passed. [Adv. Docket No. 24.] Presumably, Mr. Huynh and Stephen Selbst, the Defendant's other attorney (Mr. Selbst), as practicing lawyers, understand the Federal Rules of Civil Procedure, the implications of a court's scheduling order, and the consequences for failing to comply with each or both. And certainly the Defendant, through its attorneys, knew that serving such late discovery requests would create a Hobson's choice for the Debtor, because its response would violate the Scheduling Order.[13] Notwithstanding that fact, the Defendant served the discovery

---

[13] Rules 33 (interrogatories) and 34 (production requests) are clear that each requires the party being served with such discovery to respond in writing within thirty (30) days. Specifically, Rule 33(b)(2) states that a "party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). Likewise, Rule 34(b)(2)(A) states that a "party to whom the request [for productions] is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A).

request and, as a result, the Debtor had no choice but to file its Motion to Quash Untimely Discovery in order to avoid running afoul of the discovery deadline. The Defendant and its attorneys' conduct is purely unprofessional and, in the Court's view, constitutes dilatory and bad faith practice. Moreover, the Court notes that it is the Defendant's burden to show that its failure to comply with the Scheduling Order was substantially justified. *See Journet v. Vehicle VIN No. 1GRAA06283T500670*, No. H-04-4730, 2006 WL 1663708, at *10 (S.D. Tex. June 15, 2006) ("To avoid sanctions, the party who is alleged to have failed to comply with Rule[] 16 . . . bears the burden to show that its actions were substantially justified."); *Avance v. Kerr-McGee Chem. LLC*, No. 5:04CV209, 2006 WL 3484246, at *6 (E.D. Tex. Nov. 30, 2006) (same). Here, the Defendant introduced no exhibits, adduced no testimony, and provided no reason, either in its written Objection to Debtor's Motion to Quash Untimely Discovery, [Adv. Docket No. 24], or during oral arguments, that substantially justified its untimely discovery request. Therefore, the Court finds that: (1) the Defendant and its attorneys have failed to comply with the Scheduling Order; and (2) their failure to comply was not substantially justified. Accordingly, the Court awards the Debtor the reasonable fees and costs that it incurred in filing its Motion to Quash Untimely Discovery.[14]

Alternatively, the Court notes that "it is firmly established that '[t]he power to punish for contempt[] is inherent in all courts.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (quoting *Ex parte Robinson*, 19 Wall 505, 510 (1874)). Most relevant in this inherent power is that "a court may assess attorneys' fees when a party has acted in bad faith." *Id.* at 45; *In re Parsley*, 384 B.R. 138, 177 (Bankr. S.D. Tex. 2008) (same). In *Chambers*, the Supreme Court stated that a federal

---

[14] Although the Debtor is seeking fees and costs in the amount of $1,488.00, the Court has scheduled an evidentiary hearing to determine the reasonable value of the services which the Debtor's attorney rendered.

court's inherent power to sanction bad faith conduct serves the dual purpose of covering the gaps where there are no applicable rules and also covering situations where "neither the statute nor the Rules are up to the task." *Chambers*, 501 U.S. at 50. Thus, although the Court's inherent powers are typically used when the conduct is not subject to the Rules, "neither is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules." *Id.*

In order for this Court to impose sanctions pursuant to its inherent power, it must make "a specific finding of bad faith." *Goldin v. Bartholow*, 166 F.3d 710, 722 (5th Cir.1999); *Parsley*, 384 B.R. at 179. Where the Court concludes "that the very temple of justice has been defiled . . . [or when a party] shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order," then the Court may invoke its inherent powers.[15] *Chambers*, 501 U.S. at 46. With the Supreme Court's guidance in mind, the Court concludes that the Defendant's and its attorneys' conduct, as described above, demonstrates bad faith and disruption to the litigation process. As stated above, the Defendant called no witnesses, adduced no testimony, and provided no reason, either in its written Objection to Debtor's Motion to Quash Untimely Discovery, [Adv. Docket No. 24], or during oral arguments, as to why its discovery was untimely. Therefore, regardless of whether Rule 16 provides an appropriate basis for imposing sanctions, the Court concludes that its inherent power permits it to impose sanctions as well, and that both the Defendant and its attorneys should pay the reasonable fees and costs the Debtor incurred in filing its motion to quash.

---

[15] In *Chambers*, the Supreme Court stated that "the bad-faith exception resembles the third prong of Rule 11's certification requirement, which mandates that a signer of a paper filed with the court warrant that the paper "is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." *Chambers*, 501 U.S. at 46 n.10.

12

## B. The Defendant's Motion to Withdraw Admissions

Also pending before the Court is the Defendant's Motion to Withdraw Admissions pursuant to Federal Rule of Civil Procedure 36(b). [Adv. Docket No. 19.] The Defendant files its motion as the result of its late response to the Debtor's Request for Admissions. [Adv. Docket No. ][16] In its motion, the Defendant requests the Court's permission to withdraw the deemed admissions and, in support of this request, the Defendant argues that: (1) it has meritorious and valid defenses in the Debtor's adversary proceeding; and (2) the withdrawal of the deemed admissions will promote the presentation of the merits in the adversary proceeding and will not prejudice any party.[17]

Pursuant to Rule 36(a), litigants may request admissions on a broad range of matters, "including ultimate facts, as well as application of law to facts." *Carney v. IRS (In re Carney)*, 258 F.3d 415, 419 (5th Cir. 2001). "Such breadth allows litigants to winnow down issues prior to trial and thus focus their energy and resources on disputed matters." *Id.* (citing Wright Miller & Marcus, Federal Practice and Procedure § 2254 (2d ed. 1994)); *Sampayo Climaco y Asociados Despacho Juridico Internacional (In re Cantu)*, No. 08-07041, 2009 WL 1257151, at *1 (Bankr. S.D. Tex. May 4, 2009) (same). The party responding to requests for admissions has an affirmative duty to act within thirty (30) days from begin served. Fed. R. Civ. P. 36(a)(3); *In re Cantu*, 2009 WL 1257151,

---

[16] The Debtor served the Defendant with Request for Admissions, Interrogatories, and Requests for Production on May 1, 2009. However, the Defendant did not respond until June 24, 2009. Rule 36 governs requests for admissions, which is applicable to adversary proceedings in bankruptcy through Federal Rule of Bankruptcy Procedure 7036. *See* Fed. R. Bankr. P. 7036. Subsection (a)(3) states that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). According to the date the Debtor served the Defendant with the Requests for Admissions, the deadline for the Defendant to respond was May 31, 2009, plus three days mailing time, thereby making June 3, 2009 the deadline. The Defendant's June 24, 2009 response date is well beyond the time frame contemplated by the Rule.

[17] As the result of the Defendant's failure to timely respond to the Debtor's Request for Admissions, the Debtor, on June 30, 2009, filed its Motion for Summary Judgment. [Adv. Docket No. 13.]

at *1. Failure to respond to requests for admissions within the time permitted results in the responding parties deemed admissions of the matters contained within. Fed. R. Civ. P. 36(a)(3); *In re Carney*, 258 F.3d at 419; *Finlay v. Wolpoff & Abramson*, No. H-08-0786, 2009 WL 936882, at *2 (S.D. Tex. April 3, 2009); *In re Cantu*, 2009 WL 1257151, at *1; *Powerhouse Prods., Inc. v. Widgery*, No. 4:07-cv-071, 2008 WL 4331428, at *1 (E.D. Tex. Sept. 17, 2008).

The Fifth Circuit has stressed that "a deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)." *In re Carney*, 258 F.3d at 419; *Am. Auto Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991). In reviewing such a motion, courts must determine: (1) whether withdrawal "would promote the presentation of the merits of the action;" and (2) whether withdrawal "would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b); *In re Carney*, 258 F.3d at 419. "Even when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission." *In re Carney*, 258 F.3d at 419; *see Le v. Cheesecake Factory Rest., Inc.*, No. 06-20006, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007); *Powerhouse Prods.*, 2008 WL 4331428, at *1; *see also Donovan v. Carls Drug Co.*, 703 F.2d 650, 652 (2d Cir. 1983) ("Because the language of [Rule 36(b)] is permissive, the court is not required to make an exception to Rule 36 even if both the merits and the prejudice issues cut in favor of the party seeking exception to the rule.").

In the present suit, the Debtor served the Defendant with Requests for Admissions on May 1, 2009, and the Defendant responded on June 24, 2009, over twenty (20) days beyond the Rule 36 deadline. The Defendant alleges in its Motion to Withdraw Admissions that it was unable to timely respond to the Debtor's Request for Admissions due to its employees' summer schedules that limited

the availability of personnel familiar with the matter to review and respond to the requests.[18] Additionally, the Defendant argues that it has meritorious defenses and that its withdraw requests meets Rule 36(b)'s two-prong test. However, the Court concludes that the Defendant's excuse is without merit—busy schedules do not entitle the Defendant to withdraw its responses to admissions. Therefore, the Court finds that, "in light of [the] Defendant's lack of diligence and the expiration of scheduling deadlines, [the Debtor will] be greatly prejudiced if the [C]ourt allow[s] withdrawal of the admissions." *See Finlay*, 2009 WL 936882, at *2.

The Court's recognizes, as does the Fifth Circuit, the serious implications of its conclusion—"[t]he failure to respond to admissions can effectively deprive a party of the opportunity to contest the merits of a case." *In re Carney*, 258 F.3d at 421 . However, the Court also notes that Rule 36 is a hard and fast rule and that the Fifth Circuit "has affirmed a grant of summary judgment based on default admissions coupled with a district court's denial of a request to withdraw those admissions." *Id.* Such a result is "necessary to insure the orderly disposition of cases; parties to a lawsuit must comply with the rules of procedure." *Id.* Lastly, the Court notes that "[f]or our litigation system to work effectively, litigants must comply with the Federal Rules of Civil Procedure." The Defendant's plight in this case demonstrates how failure to comply with the Rules ultimately precludes a party from presenting the merits of its case. *See In re Carney*, 258 F.3d at 422.

---

[18] The Court notes that the Defendant's counsel, who appeared by phone, called no witnesses, adduced no testimony, and offered no evidence in support of this argument. Therefore, the Court has absolutely no record to make any finding of fact that would establish that the Defendant's summer schedules limited the availability of certain personnel.

## V. CONCLUSION

For the reasons set forth herein, the Court hereby concludes that the Debtor's Motion to Quash Untimely Discovery should be granted. The Court will issue a protective order forbidding the Defendant from adducing evidence relating to the Interrogatories and Request for Production, which it failed to timely serve. The Court further concludes that the Defendant's Motion to Withdraw Admissions should be denied.

An order consistent with this Opinion will be entered on the docket simultaneously with the entry of this Opinion.

Signed on this 24th day of July, 2009.

Jeff Bohm
United States Bankruptcy Judge